UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HENRY SLAUGHTER, JR., #731534,

                Petitioner,

                                       CASE NO. 2:12-CV-12295

v.                                     HONORABLE SEAN F. COX

DEBRA SCUTT,

                Respondent.

_____/


**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.**    **Introduction**

        This is a federal habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner

Henry Slaughter, Jr. ("Petitioner") was convicted of one count of assault with intent to commit great

bodily harm less than murder, MICH. COMP. LAWS § 750.84, two counts of felonious assault, MICH.

COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony, MICH. COMP.

LAWS § 750.227b, following a jury trial in Wayne County Circuit Court.  He was sentenced to 19

months to 10 years imprisonment on the assault with intent to do great bodily harm conviction,

concurrent terms of six months to four years imprisonment on each of the felonious assault

convictions, and a  consecutive term of two years imprisonment on the felony firearm conviction

in 2009.

        In his pleadings, Petitioner raises claims concerning the waiver of his Fifth Amendment

privilege during a bond hearing and the scope of cross-examination at that hearing, the conduct of

the prosecutor, the effectiveness of trial counsel, and the jury instructions.  For the reasons set forth,

the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of

appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.   <u>Facts and Procedural History</u>

Petitioner's convictions arise from a shooting that occurred following a traffic accident.  The

Michigan Court of Appeals summarized the relevant facts, which are presumed correct on habeas

review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arose from an altercation following a traffic accident.
> Complainant Marcus Leroy and the two passengers in his vehicle all claimed that the
> driver of a blue Durango—defendant—pursued their vehicle after the altercation and
> fired four shots at them. Defendant did not dispute that he fired his weapon, but
> claimed that he only fired it into the air in self-defense when Leroy backed his
> vehicle toward him after the altercation.

*People v. Slaughter*, No. 293068, 2010 WL 5019697, *1 (Mich. Ct. App. Dec. 9, 2010)

(unpublished).  At the close of trial, the trial court found Petitioner guilty of the foregoing offenses

and the trial court subsequently sentenced him to the terms of imprisonment previously set forth.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals

raising the same claims presented on habeas review.  The court denied relief on those claims and

affirmed his convictions and sentences.  *Id*.  Petitioner then filed an application for leave to appeal

with the Michigan Supreme Court, which was denied in a standard order.  *People v. Slaughter*, 489

Mich. 933, 797 N.W.2d 146 (2011).

Petitioner thereafter instituted this federal habeas action.  He raises the following claims as

grounds for relief:

> I.    The trial court committed reversible error by failing to elicit a knowing
> waiver of his Fifth Amendment right in connection with the bond hearing
> testimony, and by allowing an impermissible scope of prosecutorial cross-
> examination.

> II.   His right to due process was spoiled by repeated improper conduct by the

2

prosecutor.

III.   Trial counsel was constitutionally ineffective for failing to object to improper cross-examination.

IV.   The trial court committed reversible error by refusing to give requested instructions on intentionally pointing a firearm without malice, discharge of a firearm without malice, and reckless and wanton use of a firearm.

Respondent has filed an answer to the petition contending that the claims are barred by procedural default and/or lack merit and that the petition should be denied.

## III.   **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S.

3

685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

IV.    **Analysis**

    A.    **Waiver of Fifth Amendment Privilege/Cross-Examination at Bond Hearing**

Petitioner first asserts that he is entitled to habeas relief because the trial court failed to elicit a waiver of his Fifth Amendment privilege at a bond hearing.  Respondent contends that this claim is barred by procedural default because Petitioner did not raise the issue before the trial court and the Michigan Court of Appeals ruled that the claim was unpreserved and only reviewed it for plain error.  Respondent also contends that the claim lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).  The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001).  "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court ruling is used to make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this claim.  In denying relief, the court relied upon the failure to raise the issue before the trial court.  *Slaughter*, 2010 WL 5019697 at *1.  The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors.  *People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich.

643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Moreover, a state court does not waive a procedural default by looking beyond the default to

determine if there are circumstances warranting review on the merits. *Paprocki v. Foltz*, 869 F.2d

281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default

rules. *Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th

Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to

sufficiently rely upon a procedural default by ruling on the merits in the alternative. *McBee v.

Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied relief on

this claim based upon a procedural default – the failure to properly raise the issue before the trial

court.

A state prisoner who fails to comply with a state's procedural rules waives the right to

federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting

from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish

cause, a petitioner must establish that some external impediment frustrated his or her ability to

comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner

must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988).

Such reasons include interference by officials, attorney error rising to the level of ineffective

assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably

available. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

In this case, Petitioner neither alleges nor establishes cause to excuse this procedural

default. A court need not address the issue of prejudice when a petitioner fails to establish cause

to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722

F.2d 286, 289 (6th Cir. 1983).  Nonetheless, the Court notes that even if Petitioner could establish cause, he cannot establish actual prejudice as the claim lacks merit.  As explained by the Michigan Court of Appeals on plain error review, a defendant who chooses to testify waives his privilege against self-incrimination with respect to matters covered by his direct testimony and also subjects himself to cross-examination.  *See, e.g., Minnesota v. Murphy*, 465 U.S. 420, 427 (1984) (explaining that a testifying witness who makes disclosures instead of claiming the privilege may lose the benefit of the privilege without making a knowing and intelligent waiver and citing *Garner v. United States*, 424 U.S. 648, 654, n. 9 (1976)); *Brown v. United States*, 356 U.S. 148, 154-58 (1958).  The trial court was not required to inform Petitioner, who was represented by counsel, of his right not to testify at the bond hearing.

Petitioner also fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim requires a petitioner to provide new, reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner makes no such showing.  This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

Petitioner relatedly asserts that he is entitled to habeas relief because the prosecutor exceeded the scope of permissible cross-examination at the bond hearing.  Respondent contends that this claim is defaulted and/or does not warrant relief because any error was harmless.

The Michigan Court of Appeals denied relief on this claim based upon Petitioner's failure to properly brief the issue on appeal and, alternatively, ruled that there was no basis for reversal

because the trial court sustained defense counsel's objections to questions related to the charged offenses. *Slaughter*, 2010 WL 5019697 at *1. This constitutes a state procedural default. *See, e.g., Randolph v. Wolfenbarger*, No. 04-CV73475-DT, 2006 WL 1662885, *9 (E.D. Mich. June 12, 2006) (finding a default where the state court denied relief based upon failure to brief). Petitioner neither alleges nor establishes cause to excuse this default. Moreover, even if he could establish cause, he cannot establish prejudice as the claim lacks merit. As explained by the Michigan Court of Appeals in ruling on the claim in the alternative, the trial court sustained defense counsel's objections to improper questions. The prosecution also presented significant evidence of Petitioner's guilt at trial. Petitioner thus fails to establish that he was prejudiced by the prosecutor's cross-examination at the bond hearing. He also fails to show that a fundamental miscarriage of justice has occurred. This claim is barred by procedural default, lacks merit, and does not warrant federal habeas relief.

### B.    The Conduct of the Prosecutor

Petitioner next asserts that he is entitled to habeas relief because the prosecutor engaged in numerous instances of misconduct. Respondent contends that all but one of these claims are barred by procedural default because Petitioner failed to object to the prosecutor's conduct at trial and the Michigan Court of Appeals relied upon that failure in denying him relief. Respondent further contends that all of the claims lack merit.

### 1.    Procedural Default

The record indicates that Petitioner objected when the prosecutor asked LeShonda Chandler, a passenger in Marcus Leroy's vehicle, why she did not want to look at the defense table at trial. Petitioner did not object to the other alleged instances of misconduct. The Michigan Court of Appeals denied relief on those claims based upon the failure to object at trial. *Slaughter*, 2010 WL

5019697 at *2.  As previously discussed, the failure to make a timely objection constitutes a state procedural default.  Petitioner alleges ineffective assistance of trial counsel as cause to excuse this procedural default.  Petitioner, however, cannot establish that counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and/or that he suffered actual prejudice, as the defaulted claims lack merit.  *See* discussion *infra*.  Petitioner also fails to show that a fundamental miscarriage of justice has occurred.  *See* discussion *supra*.  Consequently, the unpreserved claims of prosecutorial misconduct are barred by procedural default, lack merit, and do not warrant federal habeas relief.

### 2.    Merits

Petitioner asserts that the prosecutor engaged in misconduct by insinuating that Petitioner was dangerous when questioning two witnesses, by denigrating defense counsel, by vouching for two witnesses, by insinuating that Petitioner fraudulently obtained a concealed weapon permit, and by asking Petitioner to comment on the credibility of other witnesses.

The Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, however, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, _ U.S. _, 132 S. Ct. 2148, 2153 (2012) (confirming that *Donnelly/Darden* is the proper standard).

Petitioner first asserts that the prosecutor engaged in misconduct by insinuating that Petitioner was dangerous when she asked Marcus Leroy questions about seeing Petitioner at trial.

10

The Michigan Court of Appeals denied relief on this claim finding that the prosecutor's questions were a good faith effort to elicit testimony relevant to Leroy's credibility and were not improper. *Slaughter*, 2010 WL 5019697 at *2.  This Court agrees.  It is well-settled that a prosecutor's good faith effort to admit evidence does not constitute misconduct, particularly where, as here, the trial court admits the evidence. *See Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008); *Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997); *see also People v. Noble*, 238 Mich. App. 647, 660, 608 N.W.2d 123, 131 (1999).  The prosecutor properly questioned Leroy about his concerns in confronting Petitioner at trial as part of a good faith effort to shed light on Leroy's credibility.  As explained by the Michigan Court of Appeals, Leroy's credibility was an issue for both parties because he was unable to positively identify Petitioner at trial despite his prior identifications, he had difficulty remembering part of his police statement and gave inconsistent testimony, and he expressed reluctance to testify.  The prosecutor's questions were not improper.

Petitioner relatedly  asserts that the prosecutor engaged in misconduct by insinuating that Petitioner was dangerous when she asked LeShonda Chandler why she did not want to look at the defense table at trial.  The Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to show that the prosecutor's question denied him a fair trial where defense counsel objected to the question, the trial court conducted a sidebar, Chandler did not answer the question, and the prosecutor went on to pursue another line of questioning.  The court further found that any prejudice was cured by the trial court's jury instruction that the attorneys' questions and comments were not evidence and the case should be decided based upon the evidence. *Slaughter*, 2010 WL 5019697 at *2.

The state court's decision is reasonable.  Again, the prosecutor's question was arguably a good faith effort to elicit testimony concerning Chandler's credibility.  More importantly, Petitioner

has not shown that he was prejudiced by the question given defense counsel's objection, the fact that Chandler never answered the question, and the trial court's jury instructions.  Jurors are presumed to follow a court's instructions.  *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it.").  Petitioner has failed to establish that the prosecutor erred and/or that he was deprived of a fundamentally fair trial.

Petitioner next asserts that the prosecutor engaged in misconduct by insinuating that defense counsel did something wrong by cross-examining LaShonda Chandler.  The Michigan Court of Appeals denied relief on this claim finding that the record indicated that the prosecutor asked Chandler how defense counsel's questions made her feel in order to discuss Chandler's demeanor and explain why she appeared uneasy, uncertain, and reluctant to testify.  *Slaughter*, 2010 WL 5019697 at *3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  It is well-settled that prosecutors may not "make unfounded and inflammatory attacks on the opposing advocate," *United States v. Young*, 470 U.S. 1, 9 (1985), "or argue that counsel is attempting to mislead the jury."  *West v. Bell*, 550 F.3d 542, 565 (6th Cir. 2008); *see also United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996).  Prosecutors may, however, highlight inconsistencies or inadequacies in the defense, *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005), point out the lack of evidence supporting the defense theory, *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005), and argue from the facts that a defense witness is or is not worthy of belief.  *Portuondo*, 529 U.S. at 69; *Cristini*, 526 F.3d at 901-02.  In this case, the record indicates that the prosecutor was not trying to disparage defense counsel but

12

was instead trying to elicit testimony to account for Chandler's demeanor and bolster her credibility. Given such circumstances, the prosecutor's questions were not improper.

Petitioner next asserts that the prosecutor engaged in misconduct by vouching for Delores McGuire, a passenger in Marcus Leroy's vehicle, when she asked McGuire if she had previously spoken to the prosecutor, if she was told the importance of telling the truth, and if she was telling the truth at trial. The Michigan Court of Appeals denied relief on this claim, finding that the prosecutor did not vouch for the witness or imply special knowledge about her credibility and that the prosecutor's inquiry was an appropriate response to defense counsel's suggestion that McGuire had changed her version of events after meeting with the prosecutor. *Slaughter*, 2010 WL 5019697 at *3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is improper for a prosecutor to express his or her own personal opinions about the credibility of a witness. *Young*, 470 U.S. at 9-10; *Hodge v. Hurley*, 426 F.3d 368, 378 (6th Cir. 2005); *United States v. Modena*, 302 F.3d 626, 634 (6th Cir. 2002). Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury which supports the charges against the defendant thereby infringing upon the defendant's right to be judged solely based upon the evidence presented and because the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own. *Young*, 470 U.S. at 18-19; *Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008); *see also Wilson v. Bell*, 368 F. App'x 627, 633 (6th Cir. 2010) (citing cases). In this case, however, the prosecutor did not express a personal belief that McGuire was telling the truth nor imply special knowledge about her credibility. Rather, the prosecutor asked McGuire about her own truthfulness in response to defense counsel's attack on

13

her credibility.  Given such circumstances, the prosecutor's conduct was not improper and did not render the trial fundamentally unfair.

Petitioner relatedly asserts that the prosecutor engaged in misconduct by asking the officer in charge of the case about the decision not to perform forensic testing, a decision which was made by the prosecutor.  The Michigan Court of Appeals denied relief on this claim finding that the questions were relevant to the propriety of the police investigation of the crime.  *Slaughter*, 2010 WL 5019697 at *3.  This Court agrees.  The record indicates that the prosecutor asked the police officer about the decision not to seek forensic testing of the vehicle to explain why such testing was not done by the police, not to vouch for the credibility of prosecution witnesses.  The prosecutor's questions were appropriate.

Petitioner next asserts that the prosecutor engaged in misconduct by insinuating that Petitioner fraudulently obtained a concealed weapon permit when questioning the officer in charge of the case.  The Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to demonstrate that the prosecutor's questions constituted a plain error affecting his rights.  The court noted that the police testified that Petitioner had a valid concealed weapons permit and was lawfully armed, that Petitioner testified that the address on the permit was where he had temporarily lived, that there was no evidence that he unlawfully obtained the permit or that his driving records were amiss, and that the trial court instructed the jury that the prosecutor's comments were not evidence.  *Slaughter*, 2010 WL 5019697 at *4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Even assuming that the prosecutor's inquiry was improper, Petitioner fails to establish that he was prejudiced by such conduct given the police testimony that his concealed weapon permit was valid and he was lawfully armed, the lack of

14

evidence that he improperly obtained his permit or that his driving records were amiss, and given the trial court's instruction that the attorneys' questions are not evidence. Petitioner has simply not shown that the prosecutor's conduct in this regard rendered his trial fundamentally unfair.

Lastly, Petitioner asserts that the prosecutor engaged in misconduct by asking Petitioner to comment on the credibility of other witnesses, including Marcus Leroy and the officer who obtained his statement. The Michigan Court of Appeals denied relief on this claim finding that, to the extent that the prosecutor's questions were improper, Petitioner failed to demonstrate that his substantial rights were affected. The court determined that Petitioner dealt with the questions well and was not prejudiced by the prosecutor's conduct and again noted that the trial court properly instructed the jury about the proper consideration of the evidence. *Slaughter*, 2010 WL 5019697 at *4.

The state court's decision is reasonable. It is generally improper for a prosecutor to ask a witness to comment on the credibility of other witnesses as such matters are left to the jury. *See, e.g., United States v. Dickens*, 438 F. App'x 364, 372 (6th Cir. 2011) (citing cases). The prosecutor's questions about the credibility of other witnesses were thus inappropriate. The prosecutor's conduct, however, did deprive Petitioner of a fundamentally fair trial. Petitioner handled the questions in a reasonable manner, the jury was already well aware of the conflicting testimony between Petitioner and the prosecution witnesses, and the trial court instructed the jury about the proper consideration of the testimony, particularly the fact that it was the jury's job to assess and determine the credibility of witnesses. Habeas relief is not warranted.

## C.    The Effectiveness of Trial Counsel

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct. Respondent contends that

15

this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

16

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770 at 788 (2010) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Citing the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim finding that Petitioner could not establish that he was prejudiced by counsel's conduct because most of the prosecutor's questions were not improper, that an improper questions did not affect the outcome of trial, and that the jury instructions cured any possible prejudice. *Slaughter*, 2010 WL 5019697 at *5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. First, given the Michigan Court of Appeals' decision and this Court's decision that most of the alleged instances of prosecutorial misconduct were not, in fact, misconduct, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct in failing to object. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Second, as to any improper conduct by the prosecutor, Petitioner was not prejudiced by the lack of objection given the trial court's jury instructions that the prosecutor's questions and comments were not evidence and that it was for the

jury alone to assess the evidence and determine witness credibility, as well as the significant evidence of guilt presented at trial. Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

### D.    The Jury Instructions

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in instructing the jury. Specifically, he claims that the trial court erred in refusing to instruct the jury on the lesser offenses of intentionally pointing a firearm without malice, discharge of a firearm without malice, and reckless or wanton use of a firearm. Respondent contends that this claim lacks merit.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). A failure to instruct does not deprive a petitioner of fundamental fairness when the instructions as a whole adequately present the defense theory to the jury. *Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72.

The Michigan Court of Appeals denied relief on this claim finding that the trial court did not err in refusing to instruct the jury on the requested misdemeanor offenses because they are

cognate rather than necessarily included offenses of the charged offenses and Michigan law only permits instruction on necessarily included lesser offenses not cognate offenses. *Slaughter*, 2010 WL 5019697 at \*5-6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Supreme Court has declined to determine whether due process requires jury instructions on lesser included offenses in non-capital cases. *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980). In *Hopper v. Evans*, 456 U.S. 605, 611 (1982), the Supreme Court ruled that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it. The Supreme Court has since held that state courts are not constitutionally required to instruct capital case juries on crimes which are not lesser included offenses of the charged crime. *Hopkins v. Reeves*, 524 U.S. 88, 90-91 (1998). The Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir.2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir.1990) (en banc)); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003). The assault and felony firearm offenses are non-capital offenses. Consequently, the lesser offense instructions were not constitutionally required. Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Moreover, even if Petitioner states a cognizable claim, he is not entitled to relief. The record indicates that the trial court accurately instructed the jury about the elements of the charged offenses, the burden of proof, and other relevant matters. The lesser offense instructions were not required under state law, or as a matter of due process, because they are cognate lesser offenses, not necessarily included offenses. Petitioner fails to establish that the jury instructions, taken as

19

a whole, rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

**V.**    **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id*. at 336-37.  When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 528 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to any of his habeas claims and that reasonable jurists could not debate the correctness of the Court's procedural ruling as to his default claims.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES**

20

leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith.  *See*

FED. R. APP. P. 24(a).  This case is closed.

**IT IS SO ORDERED**.


Dated:  June 10, 2014                                       S/ Sean F. Cox
                                                             Sean F. Cox
                                                             U. S. District Judge


I hereby certify that on June 10, 2014, the foregoing document was served on counsel of record via
electronic means and upon Henry Slaughter, Jr., via First Class mail at the address below:

Henry Slaughter, Jr.
731534
12857 Hickory Street
Detroit, MI 48205

                                                             S/ J. McCoy
                                                             Case Manager

21